DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which, following a jury trial, found appellant, Tyrone Edwards, guilty and sentenced him to a term of imprisonment. For the reasons stated herein, this court affirms the judgment of the trial court.
{¶ 2} The following facts are relevant to this appeal. On September 8, 1998, appellant was indicted on one count of possession of crack cocaine in violation of R.C. 2925.11(A) and (C)(4)(f), with a major drug specification, and one count of possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(c). Appellant entered pleas of not guilty.
{¶ 3} On October 29, 1998, appellant filed a motion to suppress, arguing that there was no legal basis for the stop and ensuing search and seizure. A hearing on the motion was held on November 4, 1998. Following the submission of supplemental briefs, the trial court denied the motion.
{¶ 4} Appellant's trial commenced on June 21, 1999 and continued on June 22, 1999. On June 22, 1999, the jury found appellant guilty of both counts. On June 28, 1999, appellant was sentenced to a term of ten years on the possession of crack cocaine count, to be served concurrently with a term of four years on the possession of cocaine count.
{¶ 5} Appellant filed a motion for a new trial on July 27, 1999. On August 9, 1999, the state filed a memorandum in opposition to appellant's motion for a new trial. On August 17, 1999, appellant and his co-defendant filed pro se a motion to stay proceeding on the motion for a new trial. On April 26, 2000, the trial court denied appellant's motion for a new trial. On May 22, 2000, appellant filed a notice of appeal. On June 15, 2000, this court sua sponte dismissed appellant's direct appeal of the July 2000 conviction as untimely. On June 23, 2000, appellant filed a motion for leave to file a delayed appeal which this court granted on July 12, 2000.
{¶ 6} Appellant sets forth the following assignment of error:
 {¶ 7} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS AS THE LAW ENFORCEMENT OFFICERS CONDUCTING THE STOP AND SEARCH DID NOT HAVE PROBABLE CAUSE FOR A WARRANTLESS SEARCH."
{¶ 8} Appellant argues that the police officers did not have probable cause to justify a warrantless search of his vehicle.
{¶ 9} On the authority of State v. Glover (Nov. 9, 2000), Lucas App. No. L-99-1412, and this court's agreement with the trial court's finding of probable cause[1] to justify a warrantless search of his vehicle, this court finds that the trial court properly denied appellant's motion to suppress.
{¶ 10} Accordingly, appellant's sole assignment of error is found not well-taken.
{¶ 11} On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.
{¶ 12} A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., James R. Sherck, J., Richard W. Knepper,J. Concur.
[1] The trial court found that the information received from the confidential informant, combined with independent police work, established probable cause to believe that appellant's vehicle contained contraband.